**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL T. BEY, | : | |
| | : | Civil Action No. 09-0493 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MICHAEL R. CONNER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Michael T. Bey
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE**, District Judge

   Plaintiff Michael T. Bey, a pre-trial detainee confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff was arrested on December 27, 2008, and taken to Atlantic City Municipal Court, where bail was set at $20,000, apparently by the Hon. Bruce Weeks. Plaintiff was confined at the Atlantic County Justice Facility. On December 31, 2008, Plaintiff asked for a bail reduction. On January 16, 2009, Plaintiff learned that Judge Michael R. Conner had raised Plaintiff's bail to $75,000. Plaintiff alleges that he has not been arraigned.

Plaintiff names as defendants in this action Judges Michael R. Conner and Bruce Weeks, the Superior Court of New Jersey - Atlantic County - Criminal Division, and the Atlantic City Municipal Court. Plaintiff seeks to have his bail reduced or to be released on his own recognizance and to have the defendants "punished."

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

> Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ... If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added). See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.   ANALYSIS

### A.   The Request for Release

To the extent Plaintiff seeks release from confinement, this Court lacks jurisdiction under § 1983 to hear such a claim.  Such a claim must be brought in a petition for writ of habeas corpus, under 28 U.S.C. § 2254, following exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

### B.   The Claims Against Judges Conner and Weeks

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity.  See Mireles v. Waco, 502 U.S. 9, 9 (1991). Judicial immunity can be overcome only for actions not taken in a

6

judicial capacity, id., or for actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suit for injunctive relief.  See 42 U.S.C. § 1983, (state judges) (abrogating in part Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)).  See also Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (and cases cited therein) (federal judges); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1391-94 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (adequate remedies are provided through the appeals process and the All Writs Act, 28 U.S.C. § 1651).

Here, the actions that Plaintiff complains of, the setting of allegedly excessive bail, were taken in Judge Conner's and Judge Weeks's judicial capacity.  Accordingly, they are immune from liability in a § 1983 action.  These claims must be dismissed with prejudice.

C.   The Claims Against the Courts

Plaintiff also names as defendants the Atlantic City Municipal Court and the Superior Court of New Jersey, Atlantic County, Criminal Division.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

The Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey entitled to Eleventh Amendment immunity.  See, Johnson v. State of New Jersey, 869 F.Supp. 289, 296-97 (D.N.J. 1994).  Similarly, the municipal courts of New Jersey, which were established as part of a comprehensive statewide judiciary, are entitled to Eleventh Amendment immunity.  See In re Raphael, 238 B.R. 69, 80-83 (D.N.J. 1999).  In addition, these courts are not "persons" subject to liability under § 1983.  For all of these reasons, the claims against the named defendant courts will be dismissed with prejudice.

D.   The Request for an Order Reducing Bail

It is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings); Middlesex Co. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state issues are involved.").  The United States Court of Appeals

9

for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

Here, Plaintiff has failed to allege any facts suggesting that his constitutional claim of excessive bail cannot be addressed adequately in state court.  This Court will dismiss the claim for injunctive relief.  This Court expresses no opinion as to whether the bail which has been set in state court is excessive.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff can cure any of the deficiencies noted herein by amendment at this time.  An appropriate order follows.

                                    **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    United States District Judge

Dated: **February 10, 2009**